UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.: 2:13-cr-78-FtM-29CM

ERNEST FREEMAN, JR.
_____

## ORDER

Before the Court is Defendant's Motion for an Order to Compel the Government to Produce *Kyles/Bagley* Material (Doc. 69, "Motion to Compel"), filed on October 14, 2014. The Government responded on October 16, 2014.[1] Doc. 71. Defendant moves the Court for an order to compel the Government to produce the 2002-2011 tax returns for Antonio Hiver ("Hiver") – a material witness who will be called to testify at trial. This case is set for trial on October 21, 2014.

On September 5, 2014, the Court granted Defendant's *Ex Parte In Camera* Application for Issuance of a Subpoena *Duces Tecum* under Seal, ordering that the Internal Revenue Service ("IRS") produce federal income tax returns for Hiver for years 2001 through 2011, and any other documents filed by Hiver during these years. Doc. 48. Defendant states that the Court's Order was not served on the IRS until September 29, 2014, because there was a delay in finding someone at the IRS who would accept service of the subpoena *duces tecum*. Doc. 69 at ¶ 3. On October 8, 2014, defense counsel was informed by Joyce Broughton, agent for the IRS, that the

---

[1] The Court directed the Government to file an expedited response by October 16, 2014. Doc. 70.

IRS would not be complying with the subpoena. *Id.* at ¶ 4. The IRS informed defense counsel that a letter to that effect was to be mailed to him on October 8, 2014. *Id.* Defense counsel states that he has yet to receive the letter setting forth the IRS' objections to the subpoena. *Id.*

Because the IRS refused to comply with the subpoena so close to the trial date, Defendant filed an *Ex Parte In Camera* Motion for an Order to Compel the Internal Revenue Service to Comply with Subpoena *Duces Tecum*, or in the Alternative, for an Order to Show Cause Under Federal Rule of Criminal Procedure 17(G), prior to receiving the IRS' letter. Doc. 67. The Court denied the motion without prejudice because it was unable to decide the issue of whether the IRS' objections might be proper. Doc. 68. The Court stated that Defendant could refile the motion after he was aware of the grounds upon which the IRS was objecting. The Court noted, however, that its September 5, 2014 Order (Doc. 48 at 4) held that the information is necessary for due process in a criminal proceeding and should be disclosed. Doc. 68 at 2. The Court encouraged counsel for Defendant and the IRS to meet and confer regarding the objections and refile an appropriate motion, if necessary, as soon as possible.

In the Motion to Compel, Defendant informs the Court that because he has not yet received a written response from the IRS, on October 13, 2014, defense counsel made a *Kyles/Bagley*[2] request for Hiver's tax returns from the Government through

---

[2] *Kyles v. Whitley*, 514 U.S. 419, 434, 439 (1995) (holding that favorable impeachment evidence that is material must be disclosed by the government); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (finding that failure to disclose material evidence that might have been

the formal discovery process. The Government responds that on October 15, 2014, it learned from IRS Special Agent Michael Music that Hiver did not file any tax returns from 2002 through 2009, and a screen printout to this effect has been provided to the defense as discovery page 3368. Doc. 71 at 3. The Government further states that a fraudulent tax return was filed in 2010 and was provided to Defendant in discovery. *Id.* at 3-4. As for the year 2011, the Government states that this was after Hiver became the victim of identity theft and any information regarding the 2011 tax return is outside the time period charged and is not the subject of proper impeachment of Hiver. *Id.* at 5-6.

Defendant argues that Hiver's 2002-2011 tax returns likely constitute impeachment material because Hiver made statements to law enforcement that he reported no income or very little income for the years 2002 through 2011, and if these statements do not match his tax returns then Defendant can impeach him with his inconsistent statements to law enforcement. Alternatively, Defendant states that if Hiver's tax returns match what he told law enforcement, Hiver could still be impeached by the fact that he has been living above the means of someone reporting no income or very little income for a ten year period. Based on the foregoing, Defendant argues that the tax returns are likely to constitute impeachment material, are discoverable and must be produced by the Government pursuant to *Kyles* and *Bagley*. The Government responds that Defendant has not demonstrated that the 2011 tax return is material to the preparation of his defense because it is information

---

helpful in conducting cross-examination of a witness was constitutional error).

subsequent to Hiver becoming the victim of identity theft and thus it is not known whether the 2011 tax return was actually filed by Hiver.   Doc. 71 at 5-6.

The Court finds that the 2011 tax return, and any other documents filed by Hiver with the IRS in 2011, are material and should be produced.   Defendant asserts that Hiver made statements to law enforcement that he reported no income or very little income for the years 2001 through 2011.   Defendant is entitled to this information to impeach Hiver regarding these statements.   The Court is aware that the Government is arguing that a 2011 tax return for Hiver might not exist.   If so, the Government should inform Defendant of this information, once known.   Thus, the Motion to Compel will be denied as moot as to years 2002-2010, because the Government has already produced this information to Defendant, and granted as to year 2011.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant's Motion for an Order to Compel the Government to Produce *Kyles/Bagley* Material (Doc. 69) is **GRANTED IN PART AND DENIED IN PART**.

2.   Defendant's request for Antonio Hiver's 2002-2010 tax returns **is denied as moot**.

3.   Defendant's request for Antonio Hiver's 2011 tax return, and any other documents filed by Antonio Hiver with the IRS in 2011, is **granted**.   The Government shall produce the information on or before **October 21, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of October, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record